**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LOUCIOUS CIRINO<br>7013 Clinton Road<br>Upper Darby, PA 19082<br><br>Plaintiff,<br>v.<br><br>MORGAN PROPERTIES<br>160 Clubhouse Road<br>King of Prussia, PA 19406<br>and<br>MORGAN PROPERTIES, LLC<br>160 Clubhouse Road<br>King of Prussia, PA 19406<br><br>Defendants. | : | CIVIL ACTION<br><br>DOCKET NO.:<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Loucious Cirino (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. This action has been initiated by Plaintiff against Morgan Properties and Morgan Properties, LLC (*hereinafter* referred to as "Defendants") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.) and the Pennsylvania Human Relations Act ("PHRA")[1]. Plaintiff asserts, *inter alia*, that he was discriminated against and unlawfully terminated by Defendants. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. Plaintiff intends to amend his complaint to include claims pending before the PHRA once such claims are fully and administratively exhausted. These claims will identically mirror his ADA claims already filed herein.

**JURISDICTION AND VENUE**

2. This Court may properly maintain jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co v. State of Washington*, 326 U.S. 310 (1945), and its progeny.

3. This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff is proceeding herein (in part) under the ADA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right-to-sue letter from the EEOC.

**PARTIES**

6. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7. Plaintiff is an adult who resides at the above-captioned address.

8. Defendants are an apartment management and investment firm located at the above-captioned address which owns and operates apartment complexes throughout the United States.

9. At all times relevant herein, Defendants acted through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FACTUAL BACKGROUND**

10. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

11. Plaintiff was employed by Defendants as an Assistant Service Manager working primarily out of their Stonegate at Devon Apartments site located at 300 Avon Road, Devon, Pennsylvania.

12. Plaintiff employed by Defendants from in or about July 6, 2020 until on or about September 8, 2020.

13. During his employment, Plaintiff was primarily supervised by Service Manager, Onix Lopez (*hereinafter* "Lopez") and generally supervised by Property Manager, Ashley Reilly (*hereinafter* "Reilly").

14. At the beginning of Plaintiff's employment, Plaintiff informed Lopez that his knee had recently been painful and bothering him for a few days prior to his employment with Defendants.

15. In response, Lopez asked Plaintiff if he had suffered a work-related injury at his prior position, to which he truthfully replied "no."

16. After working competently for approximately one week, limping and favoring his knee, on or about July 10, 2020, Reilly sat Plaintiff down and asked Plaintiff about his productivity and how he was "getting around." Reilly then asked Plaintiff if he had injured his knee at his prior

job, to which he again truthfully replied "no" as Plaintiff's knee just started "acting up" without any prior provocation.

17. Therefore, due to such aforesaid injuries/health conditions, Plaintiff was limited in his ability (at times) to perform some daily life activities, including but not limited to walking, general labor, running, and standing for an extended period of time (among other daily life activities).

18. Despite his aforementioned health conditions and limitations, Plaintiff was still able to perform the essential duties of his job well with Defendants; however, Plaintiff did require reasonable medical accommodations (discussed further *infra*).

19. Because Defendants' management was concerned that Plaintiff might try to assert a work-related injury against Defendants, Plaintiff offered to be evaluated by Plaintiff's physician to prove that Plaintiff had not suffered a work-related injury at his prior job.

20. On or about July 20, 2020, Plaintiff was evaluated by his physician who diagnosed Plaintiff with advanced arthritis in his knee as a result of the aging process, and recommended that Plaintiff have surgery in the future as he had very little cartilage left in his knee. Furthermore, Plaintiff's orthopedic physician then gave Plaintiff a cortisone shot and recommended that Plaintiff return to work with the very limited restriction of taking a short break every 4 hours to rest his knee.

21. Thereafter, Plaintiff provided a doctor's note with Plaintiff's very minor limitations (ADA reasonable accommodations) to Lopez, who in turn provided them to Reilly.

22. Plaintiff also verbally informed Lopez and Reilly that he may need surgery in the future and also informed Defendants that Plaintiff's next appointment with his orthopedic doctor would be on September 21, 2020.

23. However, shortly after informing Lopez and Reilly of his aforementioned disabilities and need for reasonable accommodations, Plaintiff was subjected to hostility, animosity, and disparate treatment.

24. For example, starting on or about July 21, 2020, Lopez actively ignored Plaintiff, refused to provide Plaintiff with any work or instruction as to Plaintiff's job duties, and actively left Plaintiff out of manager meetings, despite the fact that Plaintiff was supposed to be Lopez's assistant and receive training and guidance during his first few weeks of employment.

25. Instead, Lopez consistently treated Plaintiff in a dismissive manner and made demeaning comments, including stating that he "had no time for" Plaintiff and that Plaintiff was an "ambulance chaser." When Plaintiff complained that he believed this mistreatment was due to Plaintiff's health conditions and requests for accommodations, Defendants' management ignored Plaintiff and subjected him to increased hostility and animosity.

26. By way of example, but not intended to be an exhaustive list: (1) Lopez sat Plaintiff down in or about the second week of August of 2020 to inform Plaintiff that he was not working quickly enough or productively (in reference to Plaintiff's knee, limping, and brief breaks to rest his knee); and (2) after informing Plaintiff that he was not working quickly enough, Lopez proceeded to overload Plaintiff with additional work in an unsuccessful effort to overwork Plaintiff.

27. Thereafter, on or about September 3, 2020, Plaintiff informed Lopez that he had moved his next doctor's appointment to October 2, 2020 because at that time Plaintiff's health insurance from Defendants would have kicked in. However, just *five days later*, Plaintiff was abruptly terminated by Reilly for alleged "productivity" issues.

28. Therefore, Plaintiff believes and avers that he was really terminated because of his actual/perceived/record of disabilities, Plaintiff's requests for accommodations, Defendants'

failure to accommodate Plaintiff, his discussions regarding needing to use Defendants' health benefits in future, and in retaliation for Plaintiff's concerns of unfair treatment on account of Plaintiff's health conditions.

**COUNT I**
**Violations of the Americans with Disabilities Act, as amended ("ADA")**
**([1] Actual/Perceived/Record of Disabilities Discrimination; [2] Retaliation; [3] Failure to Accommodate)**

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. Plaintiff suffered from serious health conditions, which (at times) limited his ability to perform some daily life activities, including but not limited to walking, general labor, running, and standing for an extended period of time (among other daily life activities).

31. Despite his aforementioned health conditions and limitations, Plaintiff was still able to perform the essential duties of his job well with Defendant; however, Plaintiff did require and requested reasonable medical accommodations at times (as noted *supra*).

32. Plaintiff was terminated from Defendant in early October 2020, within days of advising Defendants about an upcoming doctor's appointment to treat his health conditions.

33. However, Plaintiff's termination was completely pretextual and instead he was terminated because of his actual/perceived/record of disabilities, Plaintiff's requests for accommodations, Defendant's failure to accommodate Plaintiff, his discussions regarding needing to use Defendant's health benefits in future, and in retaliation for Plaintiff's concerns of unfair treatment on account of Plaintiff's health conditions

34. These actions as aforesaid constitute unlawful discrimination, and retaliation under the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF, & CERUTTI P.C.**

By: ______________________

Ari R. Karpf, Esquire
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: May 17, 2021

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Loucious Cirino | : | CIVIL ACTION |
| v. | : | |
| Morgan Properties, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 5/17/2021 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 7013 Clinton Road, Upper Darby, PA 19082

Address of Defendant: 160 Clubhouse Road, King of Prussia, PA 19406

Place of Accident, Incident or Transaction: Defendants place of business

***RELATED CASE, IF ANY:***

Case Number: ______ Judge: ______ Date Terminated: ______

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☒

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/17/2021 ______ *Attorney-at-Law / Pro Se Plaintiff* ARK2484 / 91538 *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify):* ______

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* ______
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* ______

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 5/17/2021 ______ *Attorney-at-Law / Pro Se Plaintiff* ARK2484 / 91538 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CIRINO, LOUCIOUS

**(b)** County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

MORGAN PROPERTIES, ET AL.

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- X 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- X 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- X 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***: ADA (42USC12101)

Brief description of cause: Violations of the ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** X Yes No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 5/17/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

Print Save As... Reset